## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 23-60173-CR-WILLIAMS(s)

18 U.S.C. § 1349
18 U.S.C. § 1343
18 U.S.C. § 371
15 U.S.C. § 645(a)
18 U.S.C. § 981(a)(1)(C)

FILED BY_____D.C.

JUN 2 7 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

UNITED STATES OF AMERICA

vs.

CAROLYN DENISE WADE and
TRACY D. WADE,

                    Defendants.
_____/

### SUPERSEDING INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Superseding Indictment:

#### *The Small Business Administration*

1.      The United States Small Business Administration ("SBA") was an executive branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

2.      As part of this effort, the SBA enabled and provided loans through banks, credit unions, and other lenders. These loans had government-backed guarantees.

*The Paycheck Protection Program*

3.      The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020, designed to provide emergency financial assistance to the millions of Americans who were suffering from the economic effects caused by the COVID-19 pandemic.  One source of relief that the CARES Act provided was the Paycheck Protection Program ("PPP"), which authorized forgivable loans to small businesses for job retention and certain other expenses.

4.      The SBA promulgated regulations concerning eligibility for a PPP loan.  To obtain a PPP loan, a qualifying business was required to submit a PPP loan application, which was signed by an authorized representative of the business.  The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan, including that the business was in operation on February 15, 2020, and either had employees for whom it paid salaries and payroll taxes or paid independent contractors. Payments to independent contractors are typically reported to the Internal Revenue Service ("IRS") on a "Form 1099-MISC."  In the PPP loan application (SBA Form 2483), the small business (through its authorized representative) was required to state, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP.

5.      In addition, a business applying for a PPP loan was required to provide documentation showing its payroll expenses. This payroll information was material to the application because, pursuant to statutory requirements and implementing regulations, the amount of the loan that typically could be approved was a function of the applicant's historical payroll

costs, consisting of compensation to its employees whose principal place of residence was the United States, subject to certain exclusions.

6.      Individuals who operated a business under a "sole proprietorship" business structure were eligible for a PPP loan.  To qualify for such a PPP loan, individuals had to report and document their income and expenses from the sole proprietorship. Sole proprietorships typically report their income and expenses yearly to the IRS on a "Form 1040, Schedule C."  As with other PPP loans, this information and supporting documentation was used to calculate the amount of money the individual was entitled to receive under the PPP.  The maximum PPP loan amount for a sole proprietor with no employees was $20,833.

7.      PPP loan applications were processed by participating lenders and third-party loan processors.  If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies, including by electronic transfer through the Automated Clearing House system.   While it was the participating lender that issued the PPP loan, the loan was 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

8.      After the lender funded the PPP loan to the borrower, the lender submitted disbursement details into the SBA E-Tran system, with servers located in Sterling, VA. The SBA's Denver Finance Center, located in Denver, Colorado, created payment files and authorized payments of the PPP processing fee to the lender through the Financial Management System to the Treasury.  The primary server for the Financial Management System was in Sterling, VA.  The PPP processing fee varied depending on the amount of the loan.  Once created, the payment files were then transmitted via wire to the U.S. Treasury disbursing office in Kansas City, Missouri,

which, in turn, sent instructions for payment of funds to the Federal Reserve Bank Automated Clearing House processing site in East Rutherford, New Jersey.

9.      The proceeds of a PPP loan could be used only for certain specified items, such as payroll costs, costs related to the continuation of group health care benefits, or mortgage interest payments for the business.  The proceeds of a PPP loan were not permitted to be used by the borrowers to purchase consumer goods, automobiles, personal residences, clothing, or jewelry, to pay the borrower's personal federal income taxes, or to fund the borrower's ordinary day-to-day living expenses unrelated to the specified authorized expenses.

10.     The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the borrower utilized 60% of the loan in the 24 weeks post-disbursement toward payroll costs and utilized the remaining 40% on qualified expense items (e.g., mortgage, rent, and utilities).

11.     Applying for PPP loan forgiveness was a separate process that required additional affirmations that the applicant satisfied the eligibility for PPP loan forgiveness.  Whatever portion of the PPP loan was not forgiven was serviced as a loan.

### The Defendants, Co-Conspirator, and Relevant Entities

12.     Defendant **CAROLYN DENISE WADE** was a resident of Broward County, Florida, and a Deputy Sherriff with the Broward Sheriff's Office.

13.     Defendant **TRACY D. WADE** was a resident of Broward County, Florida, and a Deputy Sheriff with the Broward Sheriff's Office.

14.     Co-conspirator Haydee Rivero, formerly known as Haydee Granados, was a resident of Broward County, Florida.

15.     Lender 1 was a participating lender in the PPP, and was located in California.

16.    Loan Processor 1 was a third-party loan processor that processed PPP loan applications for Lender 1, among other participating PPP lenders, and was located in California.

## COUNT 1
### Conspiracy to Commit Wire Fraud
### (18 U.S.C. § 1349)

17.    The General Allegations section of this Superseding Indictment is re-alleged and incorporated by reference as though fully set forth herein.

18.    From in or around May 2021, through in or around August 2021, the exact dates being unknown to the Grand Jury, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**CAROLYN DENISE WADE and**
**TRACY D. WADE,**

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate and agree with each other, and with Haydee Rivero, f/k/a Haydee Granados, and others known and unknown to the Grand Jury, to knowingly and with intent to defraud devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, knowingly transmit and cause to be transmitted, by means of wire communications in interstate commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

5

## PURPOSE OF THE CONSPIRACY

19.     It was the purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by, among other things: (a) making false statements to obtain PPP loans and forgiveness of such PPP loans from the SBA and its lenders; (b) submitting and causing the submission of PPP loan applications that contained false and fraudulent information; (c) causing the disbursement of false and fraudulent PPP loans; and (d) submitting and causing the submission of PPP loan forgiveness applications that contained false and fraudulent information.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and their co-conspirators sought to accomplish the purpose of the conspiracy included, among other things, the following:

20.     Haydee Rivero, f/k/a Haydee Granados, prepared and created false and fictitious IRS Schedule C forms for inclusion with, and in support of, PPP loan applications for **CAROLYN DENISE WADE** and **TRACY D. WADE.**

21.     **CAROLYN DENISE WADE** and **TRACY D. WADE** supplied login credentials, including one-time, short-lived passcodes to Haydee Rivero, f/k/a Haydee Granados, for Rivero to log in to Loan Processor 1's website and electronically access PPP loan applications for **CAROLYN DENISE WADE** and **TRACY D. WADE.**

22.     Haydee Rivero, f/k/a Haydee Granados, inputted and transmitted through the internet, via Loan Processor 1's website, materially false information for PPP loan applications for **CAROLYN DENISE WADE** and **TRACY D. WADE.**

23.     Haydee Rivero, f/k/a Haydee Granados, uploaded and transmitted through the internet, via Loan Processor 1's website, materially false and fictitious IRS Schedule C forms for inclusion with, and in support of, PPP loan applications for **CAROLYN DENISE WADE** and **TRACY D. WADE**.

24.     **CAROLYN DENISE WADE** and **TRACY D. WADE** submitted and caused the submission of PPP loan applications that contained materially false information, including false and fictitious tax documents.

25.     **CAROLYN DENISE WADE** and **TRACY D. WADE** caused the SBA and Lender 1 to approve and disburse PPP loan proceeds to themselves based upon materially false information, including false and fictitious IRS Schedule C forms supplied by Haydee Rivero, f/k/a Haydee Granados.

26.     **CAROLYN DENISE WADE** and **TRACY D. WADE** paid Haydee Rivero, f/k/a Haydee Granados, and caused her to receive payment, for supplying materially false information, including false and fictitious IRS Schedule C forms, in connection with their PPP loan applications.

27.     **CAROLYN DENSE WADE** and **TRACY D. WADE** used fraudulently obtained PPP loan proceeds for their personal use, including by writing checks payable to themselves, directly and indirectly, for purported "salary" and "payroll."

28.     **CAROLYN DENISE WADE** and **TRACY D. WADE** submitted and caused the submission of materially false and fraudulent information to the SBA to attempt to cause and cause the forgiveness of fraudulently obtained PPP loans.

All in violation of Title 18, United States Code, Section 1349.

7

**COUNTS 2-3**
**Wire Fraud**
**(18 U.S.C. § 1343)**

29.     The General Allegations section of this Superseding Indictment is re-alleged and incorporated by reference as though fully set forth herein.

30.     From in or around May 2021, through in or around August 2021, the exact dates being unknown to the Grand Jury, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**CAROLYN DENISE WADE and**
**TRACY D. WADE,**

did knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

**PURPOSE OF THE SCHEME AND ARTIFICE**

31.     It was the purpose of the scheme and artifice for the defendants to unlawfully enrich themselves by, among other things: (a) making false statements to obtain PPP loans and forgiveness of such PPP loans from the SBA and its lenders; (b) submitting and causing the submission of PPP loan applications that contained false and fraudulent information; (c) causing the disbursement of false and fraudulent PPP loans; and (d) submitting and causing the submission of PPP loan forgiveness applications that contained false and fraudulent information.

8

## THE SCHEME AND ARTIFICE

32.     Paragraphs 20 through 28 of the Manner and Means section of Count 1 of this Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

## USE OF WIRES

33.     On or about the dates and for the defendants specified as to each count below, for the purpose of executing the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly transmit and cause to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, signals, pictures, and sounds, as described below:

| COUNT | DEFENDANT | APPROXIMATE DATE | DESCRIPTION OF WIRE |
|-------|-----------|------------------|---------------------|
| 1 | TRACY D. WADE | June 3, 2021 | Disbursement of SBA loan number 6261949003 from Lender 1 in the approximate amount of $20,833 by Automated Clearing House (ACH) transfer to USAA Classic Checking account number ending in 7309. |
| 2 | CAROLYN DENISE WADE and TRACY D. WADE | June 7, 2021 | Disbursement of SBA loan number 6697269001 from Lender 1 in the approximate amount of $20,833 by Automated Clearing House (ACH) transfer to USAA Classic Checking account number ending in 3926. |

In violation of Title 18, United States Code, Section 1343.

## COUNT 4
### Conspiracy to Make False Statements to the SBA
### (18 U.S.C. § 371)

34.     The General Allegations section of this Superseding Indictment is re-alleged and incorporated by reference as though fully set forth herein.

35.     From in or around May 2021, through in or around August 2021, the exact dates being unknown to the Grand Jury, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

### CAROLYN DENISE WADE and
### TRACY D. WADE,

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate and agree with each other, and with Haydee Rivero, f/k/a Haydee Granados, and others known and unknown to the Grand Jury, to commit certain offenses against the United States, that is, to make any statement knowing it to be false for the purpose of obtaining for herself or for any applicant any loan, or extension thereof by renewal, deferment of action, or for the purpose of influencing in any way the action of the Small Business Administration, or for the purpose of obtaining money, property, or anything of value, under Title 15, United States Code, Chapter 14A, in violation of Title 15, United States Code, Section 645(a).

### PURPOSE OF THE CONSPIRACY

36.     It was the purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by, among other things: (a) making false statements to obtain PPP loans and forgiveness of such PPP loans from the SBA and its lenders; (b) submitting and causing the submission of PPP loan applications that contained false and fraudulent information; (c) causing the disbursement of false and fraudulent PPP loans; and (d) submitting and causing the submission of PPP loan forgiveness applications that contained false and fraudulent information.

10

## MANNER AND MEANS OF THE CONSPIRACY

37.     Paragraphs 20 through 28 of the Manner and Means section of Count 1 of this Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein as the manner and means by which the defendants and their co-conspirators sought to accomplish the purpose of the conspiracy.

## OVERT ACTS

38.     In furtherance of the conspiracy and to achieve the purpose thereof, at least one of the co-conspirators committed and caused to be committed, in the Southern District of Florida, at least one of the following overt acts, among others:

39.     On or about May 6, 2021, Haydee Rivero, f/k/a Haydee Granados, uploaded and transmitted through the internet, via Loan Processor 1's website, a false and fictitious IRS Schedule C form for inclusion with, and in support of, a PPP loan application for **TRACY D. WADE**.

40.     On or about May 13, 2021, Haydee Rivero, f/k/a Haydee Granados, uploaded and transmitted through the internet, via Loan Processor 1's website, a false and fictitious IRS Schedule C form for inclusion with, and in support of, a PPP loan application for **CAROLYN DENISE WADE**.

41.     On or about May 18, 2021, **CAROLYN DENISE WADE** electronically initialed and signed an SBA Form 2483-C Paycheck Protection Program Borrower Application Form for Schedule C Filers Using Gross Income, which falsely stated, among other things, that the Business Legal Name was "Carolyn Wade" and that the Total Amount of Gross Income (from IRS Form 1040, Schedule C, Line 7) was "113,560.00."

42.     Or about May 19, 2021, **TRACY D. WADE** electronically initialed and signed an SBA Form 2483-C Paycheck Protection Program Borrower Application Form for Schedule C Filers Using Gross Income, which falsely stated, among other things, that the Business Legal Name was "Tracy Wade" and that the Total Amount of Gross Income (from IRS Form 1040, Schedule C, Line 7) was "112,430.00."

43.     Or about May 27, 2021, **TRACY D. WADE** electronically initialed and signed an SBA Form 2483-C Paycheck Protection Program Borrower Application Form for Schedule C Filers Using Gross Income, which falsely stated, among other things, that the Business Legal Name was "Tracy Wade" and that the Total Amount of Gross Income (from IRS Form 1040, Schedule C, Line 7) was "112,430.00."

44.     On or about May 28, 2021, **CAROLYN DENISE WADE** electronically initialed and signed an SBA Form 2483-C Paycheck Protection Program Borrower Application Form for Schedule C Filers Using Gross Income, which falsely stated, among other things, that the Business Legal Name was "Carolyn Wade" and that the Total Amount of Gross Income (from IRS Form 1040, Schedule C, Line 7) was "113,560.00."

45.     On or about August 7, 2021, **CAROLYN DENISE WADE** electronically initialed and signed an SBA PPP Loan Forgiveness Application Form 3508S, which falsely stated, among other things, that the Business Legal Name was "Carolyn Wade," that the Employees at Time of Loan Application was "3," that the Employees at Time of Forgiveness Application was "3," and that the Amount of Loan Spent on Payroll Costs was "$20,833.00."

46.     On or about August 7, 2021, **TRACY D. WADE** electronically initialed and signed an SBA PPP Loan Forgiveness Application Form 3508S, which falsely stated, among other things, that the Business Legal Name was "Tracy Wade," that the Employees at Time of Loan Application was "10," that the Employees at Time of Forgiveness Application was "10," and that the Amount of Loan Spent on Payroll Costs was "$20,833.00,"

All in violation of Title 18, United States Code, Section 371.

### COUNT 5
**False Statement to the SBA**
**(15 U.S.C. § 645(a))**

47.     The General Allegations section of this Superseding Indictment is re-alleged and incorporated by reference as though fully set forth herein.

48.     On or about May 18, 2021, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

### CAROLYN DENISE WADE,

did knowingly make a false statement to the Small Business Administration for the purpose of obtaining money and influencing in any way the Small Business Administration, that is, an SBA Form 2483-C Paycheck Protection Program Borrower Application Form for Schedule C Filers Using Gross Income, which false statement included, among other things, that the Business Legal Name was "Carolyn Wade" and that the Total Amount of Gross Income (from IRS Form 1040, Schedule C, Line 7) was "113,560.00," in violation of Title 15, United States Code, Section 645(a), and Title 18, United States Code, Section 2.

**COUNT 6**
**False Statement to the SBA**
**(15 U.S.C. § 645(a))**

49.     The General Allegations section of this Superseding Indictment is re-alleged and incorporated by reference as though fully set forth herein.

50.     On or about May 19, 2021, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**TRACY D. WADE,**

did knowingly make a false statement to the Small Business Administration for the purpose of obtaining money and influencing in any way the Small Business Administration, that is, an SBA Form 2483-C Paycheck Protection Program Borrower Application Form for Schedule C Filers Using Gross Income, which false statement included, among other things, that the Business Legal Name was "Tracy Wade" and that the Total Amount of Gross Income (from IRS Form 1040, Schedule C, Line 7) was "112,430.00," in violation of Title 15, United States Code, Section 645(a) and, Title 18, United States Code, Section 2.

**COUNT 7**
**False Statement to the SBA**
**(15 U.S.C. § 645(a))**

51.     The General Allegations section of this Superseding Indictment is re-alleged and incorporated by reference as though fully set forth herein.

52.     On or about May 27, 2021, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**TRACY D. WADE,**

did knowingly make a false statement to the Small Business Administration for the purpose of obtaining money and influencing in any way the Small Business Administration, that is, an SBA

14

Form 2483-C Paycheck Protection Program Borrower Application Form for Schedule C Filers Using Gross Income, which false statement included, among other things, that the Business Legal Name was "Tracy Wade" and that the Total Amount of Gross Income (from IRS Form 1040, Schedule C, Line 7) was "112,430.00," in violation of Title 15, United States Code, Section 645(a) and, Title 18, United States Code, Section 2.

## COUNT 8
### False Statement to the SBA
### (15 U.S.C. § 645(a))

53.     The General Allegations section of this Superseding Indictment is re-alleged and incorporated by reference as though fully set forth herein.

54.     On or about May 28, 2021, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

### CAROLYN DENISE WADE,

did knowingly make a false statement to the Small Business Administration for the purpose of obtaining money and influencing in any way the Small Business Administration, that is, an SBA Form 2483-C Paycheck Protection Program Borrower Application Form for Schedule C Filers Using Gross Income, which false statement included, among other things, that the Business Legal Name was "Carolyn Wade" and that the Total Amount of Gross Income (from IRS Form 1040, Schedule C, Line 7) was "113,560.00," in violation of Title 15, United States Code, Section 645(a) and, Title 18, United States Code, Section 2.

## COUNT 9
### False Statement to the SBA
### (15 U.S.C. § 645(a))

55.     The General Allegations section of this Superseding Indictment is re-alleged and incorporated by reference as though fully set forth herein.

56.     On or about August 7, 2021, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

### CAROLYN DENISE WADE,

did knowingly make a false statement to the Small Business Administration for the purpose of obtaining money and influencing in any way the Small Business Administration, that is, an SBA PPP Loan Forgiveness Application Form 3508S, which false statement included, among other things, that the Business Legal Name was "Carolyn Wade," that the Employees at Time of Loan Application was "3," that the Employees at Time of Forgiveness Application was "3," and that the Amount of Loan Spent on Payroll Costs was "$20,833.00," in violation of Title 15, United States Code, Section 645(a) and, Title 18, United States Code, Section 2.

## COUNT 10
### False Statement to the SBA
### (15 U.S.C. § 645(a))

57.     The General Allegations section of this Superseding Indictment is re-alleged and incorporated by reference as though fully set forth herein.

58.     On or about August 7, 2021, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

### TRACY D. WADE,

did knowingly make a false statement to the Small Business Administration for the purpose of obtaining money and influencing in any way the Small Business Administration, that is, an SBA

PPP Loan Forgiveness Application Form 3508S, which false statement included, among others things, that the Business Legal Name was "Tracy Wade," that the Employees at Time of Loan Application was "10," that the Employees at Time of Forgiveness Application was "10," and that the Amount of Loan Spent on Payroll Costs was "$20,833.00," in violation of Title 15, United States Code, Section 645(a) and, Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATIONS

1.      The allegations of this Superseding Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **CAROLYN DENISE WADE** and **TRACY D. WADE**, have an interest.

2.      Upon conviction of a violation of, or a conspiracy to violate, Title 18, United States Code, Section 1343, as alleged in this Superseding Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

_for_ MARKENZY LAPOINTE
UNITED STATES ATTORNEY

_For_ DAVID A. SNIDER
ASSISTANT UNITED STATES ATTORNEY

17

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA**

**CASE NO.:** 23-60173-CR-KMW(s)

v.

CAROLYN DENISE WADE and
TRACY D. WADE,

**CERTIFICATE OF TRIAL ATTORNEY**

_____/
Defendants.

**Court Division** (select one)

- ☐ Miami
- ☐ Key West
- ☐ FTP
- ☒ FTL
- ☐ WPB

**Superseding Case Information:**
New Defendant(s) (Yes or No) Yes
Number of New Defendants 1
Total number of new counts 10

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect: _____

4. This case will take 6 days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I   ☐ 0 to 5 days
   - II  ☒ 6 to 10 days
   - III ☐ 11 to 20 days
   - IV  ☐ 21 to 60 days
   - V   ☐ 61 days and over

   (Check only one)
   - ☐ Petty
   - ☐ Minor
   - ☐ Misdemeanor
   - ☒ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

9. Defendant(s) in federal custody as of N/A

10. Defendant(s) in state custody as of N/A

11. Rule 20 from the _____ District of _____

12. Is this a potential death penalty case? (Yes or No) No

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No

15. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

16. Did this matter involve the participation of or consultation with now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

By: _____
    DAVID A. SNIDER
    Assistant United States Attorney
    Court ID No.    A5502260

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: ___CAROLYN DENISE WADE___

**Case No**: 23-60173-CR-KMW(s)

**Count #: 1**

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349

* **Max. Term of Imprisonment:** 20 Years
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

**Count #: 3**

Wire Fraud

Title 18, United States Code, Section 1343

* **Max. Term of Imprisonment:** 20 Years
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

**Count #: 4**

Conspiracy to Make False Statements to SBA

Title 18, United States Code, Section 371

* **Max. Term of Imprisonment:** 5 Years
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

**Counts #: 5, 8, 9**

False Statement to SBA

Title 15, United States Code, Section 645(a)

* **Max. Term of Imprisonment:** 2 Years
* **Max. Supervised Release:** 1 year
* **Max. Fine:** $5,000

**\*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:**   TRACY D. WADE

**Case No:** 23-60173-CR-KMW(s)

**Count #: 1**

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349

**\* Max. Term of Imprisonment:** 20 Years
**\* Max. Supervised Release:** 3 years
**\* Max. Fine:** $250,000

**Count #: 2, 3**

Wire Fraud

Title 18, United States Code, Section 1343

**\* Max. Term of Imprisonment:** 20 Years
**\* Max. Supervised Release:** 3 years
**\* Max. Fine:** $250,000

**Count #: 4**

Conspiracy to Make False Statements to SBA

Title 18, United States Code, Section 371

**\* Max. Term of Imprisonment:** 5 Years
**\* Max. Supervised Release:** 3 years
**\* Max. Fine:** $250,000

Revised 5/16/2022

**Counts #: 6, 7, 10**

False Statement to SBA

Title 15, United States Code, Section 645(a)

* **Max. Term of Imprisonment:** 2 Years
* **Max. Supervised Release:** 1 year
* **Max. Fine:** $5,000

**\*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**