UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 23-60173-CR-WILLIAMS/HUNT

UNITED STATES OF AMERICA,

        Plaintiff,

v.

CAROLYN DENISE WADE and
TRACY D. WADE,

        Defendants.
_____/

## REPORT AND RECOMMENDATION ON MOTION TO DISMISS COUNTS

THIS CAUSE is before this Court on Defendant Carolyn Wade's Amended Motion to Dismiss Counts 4, 5, 8, 9.  ECF No. 130.  The Honorable Kathleen M. Williams referred this Motion to the undersigned for a report and recommendation.  ECF No. 133; *see also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1.  The undersigned held a hearing on September 26, 2024.  Having considered the Motion, Response and Reply, and having considered the representations made by counsel at the hearing, the undersigned hereby recommends for the reasons outlined below that Defendant's Motion be DENIED.

## BACKGROUND

Carolyn Wade was charged in a one-count Indictment alleging wire fraud in connection with a Paycheck Protection Program ("PPP") application.  The Indictment alleged that Ms. Wade, a Broward Sheriff's Office (BSO) Deputy, applied for a PPP loan and included materially false information in her application, including a claim that she

operated a business that generated over $100,000 in gross income. Defendant went to trial in May 2024 before the Honorable Donald L. Graham, U.S. District Judge, and a jury.

During trial, the defense filed a motion to dismiss the Indictment, alleging prosecutorial misconduct. Judge Graham held an evidentiary hearing and then denied the motion. The case was submitted to the jury, and on the second day of deliberation, the jury sent a note stating that they were deadlocked. They were sent back to continue to deliberate after the Court reread the pattern duty-to-deliberate instruction. The jury sent out a second note and were sent back to try again after hearing the same instruction. After the third note, the Court declared a mistrial. The government sought and obtained a Superseding Indictment adding an additional defendant and additional false statement charges. Defendant alleges these new charges are the product of prosecutorial vindictiveness, added in retaliation for Defendant's filing of the misconduct motion and objecting to the government's request to give the deadlocked jury an *Allen* charge. The case is currently set for trial October 7, 2024.

## LEGAL STANDARD

As a general rule, if a prosecutor has probable cause to believe the accused committed an offense defined by statute, "the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978); *see also United States v. Barner*, 441 F.3d 1310, 1315 (11th Cir. 2006).

But a prosecutor's discretion is not unlimited, and using prosecutorial action to punish a person for exercising a protected statutory or constitutional right violates due process. *See United States v. Goodwin*, 457 U.S. 368, 372 (1982). As applicable in the

procedural posture of this case, "reindictment violates due process whenever a prosecutor adds new charges merely to retaliate against the defendant for exercising statutory or constitutional rights." *United States v. Kendrick*, 682 F.3d 974, 981 (11th Cir. 2012) (citing *United States v. Spence*, 719 F.2d 358, 361 (11th Cir.1983)).  However, because "the imposition of punishment is the very purpose of virtually all criminal proceedings," and "motives are complex and difficult to prove," a court will not presume a vindictive prosecutorial motive except in certain procedural and factual circumstances where "a reasonable likelihood of vindictiveness exists." *Goodwin*, 457 U.S. at 372-73. Vindictiveness in this context means the desire to punish a person for exercising his rights. *United States v. Barner*, 441 F.3d 1310,1315 (11th Cir. 2006).

Defendants may challenge the government's charging decisions for actual or presumptive vindictiveness. *United States v. Zakhari*, 85 F.4th 367, 379 (6th Cir. 2023); *United States v. LaDeau*, 734 F.3d 561, 566 (6th Cir, 2013).  Actual vindictiveness may be shown by producing objective evidence that a prosecutor acted to punish the defendant for exercising legal rights. *LaDeau* 734 F.3d at 566. However, if a defendant establishes that "(1) the prosecutor has some stake in deterring a defendant's exercise of their rights and (2) the prosecutor's conduct was somehow unreasonable," then the district court may find there is a "reasonable likelihood of vindictiveness" and may presume an improper vindictive motive. *Id*.

In *United States v. Mays*, 738 F.2d 1188 (11th Cir. 1984), the Eleventh Circuit addressed a situation similar to ours: whether a presumption of vindictiveness applied when the government filed additional charges in a superseding indictment after a mistrial. In holding that no such presumption applied in those circumstances, the Eleventh Circuit

3

recognized that "in a pre-trial setting, as opposed to appellate situations . . . the Court has viewed prosecutorial actions resulting in the enhancement of charges with less alarm." *Id*. at 1189 (citing *Goodwin*, 457 U.S. at 381). The *Mays* court reached the following conclusion:

> The declaration of the mistrial after the first trial did not result from [defendant's] assertion of a protected right, but came about because the jury was simply unable to reach a verdict. It is true that the mistrial was granted at [defendant's] behest, but a motion for mistrial because the jury is unable to agree cannot be said to engender a "punitive" or "vindictive" response. The mistrial follows as a matter of course from the jury's inability to agree upon a verdict. It does not result from an attack upon a conviction. [Defendant] did not pursue any right such as would instigate retaliatory action on the part of the prosecution. Thus, the additional charges cannot be characterized as having arisen from any exercise of a protected right. For this reason, we do not believe there is a presumption of vindictiveness under these circumstances.

*Id*. at 1190. *See also United States v. Kendrick*, 682 F.3d 974, 983 (11th Cir. 2012) (no presumption of vindictiveness when government brought a new indictment against a defendant after an acquittal); *United States v. South*, 77 Fed. Appx. 959, 967 (11th Cir. 2008) (no presumption of vindictiveness applied when government brought a superseding indictment after defendant withdrew his guilty plea); *Barner*, 441 F.3d at 1316 (reversing district court for applying presumption of vindictiveness when government filed fifth superseding indictment after defendant filed pretrial motions, including an unsuccessful motion to dismiss alleging prosecutorial misconduct).

In a posttrial setting, even when the government's decision to file more serious charges after a defendant's successful appeal does give rise to a presumption of vindictive prosecution, the government may rebut this presumption with an objective explanation justifying the prosecutor's actions. *See United States v. Jones*, 601 F.3d 1247, 1260-61 (11th Cir. 2010). Once rebutted, a defendant's vindictive prosecution

4

claim will prevail only if she can affirmatively demonstrate actual prosecutorial vindictiveness. To establish actual prosecutorial vindictiveness, the defendant has the burden of establishing, by objective evidence: 1) the prosecutor acted with genuine animus toward the defendant; and 2) the defendant would not have been prosecuted but for that animus. *See Barner*, 441 F.3d at 1322 (citing *United States v. Wilson,* 262 F.3d 305, 314 (4th Cir. 2001)).

## DISCUSSION

Defendant has moved to dismiss Counts 4, 5, 8 and 9 of the Superseding Indictment. Defendant argues the prosecutor's decision to add these new counts was motivated by vindictiveness engendered by two events: 1) Defendant's filing of a mid-trial motion to dismiss alleging prosecutorial misconduct; and 2) the District Court's decision not to give an *Allen* charge to the jury after the jury announced it was deadlocked.

In the motion to dismiss, the defense alleged that the prosecutor improperly interfered with two material defense witnesses, Haydee Granados and her husband, Eduardo Rivera. The theory of defense at trial was that Ms. Granados prepared Ms. Wade's PPP loan application and included false information without Ms. Wade's knowledge. Defense counsel represents that both witnesses, as communicated through their lawyer, were prepared to testify at the trial. However, the day before their scheduled testimony, AUSA David Snider warned their lawyer they could be charged with assisting Ms. Wade to commit PPP fraud, and their trial testimony could be used against them. The result, according to defense counsel, was to "put fear into them," and both witnesses decided not to testify.

5

The defense avers AUSA Snider approached lead defense counsel three times asking him to withdraw the motion. He also approached a legal assistant and co-counsel asking for the same thing. AUSA Snider expressed displeasure at the filing of the motion, both before and after the hearing, stating he does not take lightly ethical attacks against him because he values his ethical responsibilities and reputation. Defense counsel declined to withdraw the motion. The Court held an evidentiary hearing on the motion, and ultimately denied the motion, finding no "improper governmental interference." ECF No. 146 at 8 and Ex. 3.

The case was submitted to the jury, and after deliberations that extended to a second day, the jury advised the Court on three separate occasions that it was deadlocked. According to the instant Motion, the Court twice read the jury an *Allen* Charge.[1] At oral argument, defense counsel retreated from this position, acknowledging that in fact, as the transcript reflects, the District Court never read the *Allen* charge to the jury. Rather, the Court heard argument from both sides, but ultimately twice reread the pattern instruction on the jury's duty to deliberate. When the jury notified the Court it was deadlocked a third time, the Court declined to read the *Allen* charge and declared a mistrial. The government requested an *Allen* charge after the second jury note, and the defense opposed this request. The government did not renew its request after the third note, simply noting its previous request for the record.[2]

---

[1] *See* 11th Circuit Pattern Jury Instructions Criminal Case, T5. The *Allen* charge, or "dynamite" charge, derives its name from *Allen v. United States,* 164 U.S. 492 (1896), in which the Supreme Court upheld an instruction urging the jury to reach a verdict. The District Judge here advised counsel that if he did decide to give an *Allen* charge, it would be modified to omit any reference to cost to the parties.
[2] The Court's Order Declaring Mistrial states that the order was entered "with the Parties' consent." ECF No. 72.

After the Court declared the mistrial, counsel engaged in unsuccessful plea negotiations. AUSA Snider later told the Court and defense counsel at a status conference that the government would be refiling the case and would be adding charges of false statements to the SBA and would likely add one or more defendants. This Superseding Indictment, with four additional charges against Ms. Wade and an additional defendant, followed. These new counts are the counts Defendant alleges were motivated by vindictiveness.

The government counters that: 1) the filing of new counts after a mistrial does not give rise to a presumption of vindictiveness; 2) even if there were a presumption, it has been rebutted because there was a legitimate basis for the filing of new charges; and 3) Defendant has not established actual prosecutorial vindictiveness.

**1. Presumption.**

The government argues no presumption of vindictiveness should apply here based on the declaration of a mistrial. The undersigned agrees. As in *Mays*, the government here sought and obtained a superseding indictment after a mistrial that resulted from a hung jury. Thus, the mistrial was not the product of a defense motion asserting a constitutional right. The mistrial "came about because the jury was simply unable to reach a verdict." 738 F.2d at 1190. And while it is true the government requested an *Allen* charge after the jury's second note, the District Court's decision to declare a mistrial after the third note was implemented without objection from either party. There is nothing about the declaration of a mistrial in this case that suggests a presumption of prosecutorial vindictiveness would be appropriate here.

Likewise, the filing of a motion to dismiss sounding in prosecutorial misconduct is not such an extraordinary action as to create a presumption of vindictiveness. While the prosecutor in this case may well have expressed his displeasure at what he saw as a challenge to his ethics and professional reputation, such motions are neither unusual nor remarkable in the trenches of federal trial court. To some extent, such allegations come with the territory. In any event, the filing of an unsuccessful motion alleging prosecutorial misconduct may result in hurt feelings, but it does not create a presumption of vindictiveness. *See, e.g., Goodwin*, 457 U.S. at 381 ("It is unrealistic to assume that a prosecutor's probable response to [pretrial] motions is to seek to penalize and to deter. The invocation of procedural rights is an integral part of the adversary process in which our criminal justice system operates."); *Barner*, 441 F.3d at 1320 ("Even a pre-trial motion based on prosecutorial misconduct is not so unusual that it should engender a presumption, 'applicable in all cases,' in which a defendant files such a motion.") (citing *Goodwin* at 381).

Accordingly, the undersigned finds no presumption of prosecutorial vindictiveness should apply in this case.

### 2. Rebuttal.

While arguing no presumption should apply, the government nonetheless offered what it terms an "objective explanation" for its decision to add new charges in the Superseding Indictment. Simply put, the government proffers that the jury's inability to reach a unanimous decision prompted a reassessment of the government's case. Surmising that the jury failed to reach agreement on the intent to defraud element of the wire fraud charges, the government elected to seek alternative charges that did not

8

require this element of proof. The Superseding Indictment includes charges of conspiracy and substantive making a false statement to the SBA, crimes which do not require proof of fraudulent intent. The government further explains it did not have sufficient evidence to charge a conspiracy when the first Indictment was returned but avers it now has such evidence. The government also notes the new false statement charges carry maximum penalties that are much lower than those for wire fraud, and additional convictions on the false statement charges would not affect the offense level calculation for a wire fraud conviction under the Sentencing Guidelines.

The undersigned agrees the government has offered an objective explanation for the filing of the new conspiracy and false statement charges that would effectively rebut any presumption of prosecutorial vindictiveness. *See Jones*, 601 F.3d at 1260–61.

### 3. Actual vindictiveness.

Because Defendant has not established that a presumption should apply, and because the government has offered an objective explanation for the new charges that would effectively rebut such a presumption in any case, Defendant can only carry her burden by showing actual vindictiveness. *See Jones*, 601 F.3d at 1261. A showing of actual vindictiveness is "exceedingly difficult to make." *United States v. Paramo*, 998 F.2d 1212, 1219-20 (3d Cir. 1993). Such a showing requires proof that "(1) the prosecutor wanted to punish the defendant for exercising his rights (animus); and the prosecutor's animus caused the prosecutor to bring charges of increased severity (causation)." *United States v. Myrie*, No. 809-CR-572-T-30TGW, 2011 WL 250550, at *3 (M.D. Fla. Jan. 26, 2011) (citing *Barner* at 1322).

Defendant has made no such showing here. Any attribution of animus in this case would require an unwarranted mental leap from a prosecutor's expressed displeasure at the mid-trial filing of a misconduct motion, or an assumed disapproval of the District Judge's denial of a routine request for an *Allen* charge to a deadlocked jury, to a conclusion that the disgruntled prosecutor sought to add new—less serious—charges out of a desire for "vindictive retribution." *Barner* at 1320. Likewise, a finding of causation requires the gainsaying of the government's straightforward and logical "objective explanation" for its decision to add charges with a less onerous burden of proof. Finally, the claim of animus or vindictiveness is belied by the totality of the prosecutor's conduct following the mistrial. AUSA Snider represents in his response that shortly after the mistrial he extended to Defendant a plea offer proposing a guilty plea to a false statement charge (two year maximum, as opposed to 20-year maximum for wire fraud) with a recommended sentence of time served, with no probation, fine, or forfeiture. ECF No. 145 at 17. Defendant declined the offer.

To establish actual prosecutorial vindictiveness, a Defendant must prove animus and causation. The undersigned finds Defendant has carried neither burden here and therefore has not established actual vindictiveness.

## RECOMMENDATION

Based on the foregoing, the undersigned RECOMMENDS Defendant's Amended Motion to Dismiss Counts 4, 5, 8, 9, ECF No. 130, be DENIED.

After being served with a copy of this Report and Recommendation, Defendant must file any written objections to any of the above findings and recommendations on or before Wednesday, October 2, at noon, and the government must file any response on

or before Friday, October 4, at noon, as provided by the Local Rules for this district.  28 U.S.C. §636(b)(1); S.D. Fla. Mag. R. 4(b).  The Parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE and SUBMITTED** at Fort Lauderdale, Florida, this 30th day of September 2024.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Kathleen M. Williams
The Honorable Donald L. Graham
All counsel of record