UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 23-60173-CR-WILLIAMS/GRAHAM

UNITED STATES OF AMERICA

vs.

CAROLYN DENISE WADE and
TRACY D. WADE

        Defendants.

_____/

### ORDER

**THIS CAUSE** came before the Court on Defendant Tracy Wade's Motion (ECF No. 247) and Renewed Motion to Stay Jail Sentence Pending Appeal (ECF No. 288). The Court also considers the Government's response in opposition (ECF No. 289) and Defendant's reply (ECF No. 290).

**THE COURT** has reviewed the pleadings and is otherwise fully advised in the premises. Based thereon, for the reasons explained below, Defendant Tracy Wade's motion is denied.

### I.    BACKGROUND

On October 23, 2024, following a 9-day trial, a jury returned a verdict finding Defendant Tracy Wade ("Defendant")  guilty of all counts with which he was charged in the Superseding Indictment (ECF No. 188), that is, one count of conspiracy to commit wire fraud (18 U.S.C. § 1349), two counts of wire fraud (18 U.S.C. § 1343), one count of conspiracy to make false statements to the SBA (18 U.S.C. § 371), and three counts of making false statements to the SBA (15 U.S.C. § 645(a)).[1]

On March 12, 2025, the Court sentenced Defendant to a total term of imprisonment of 90 days, consisting of 90 days as to each of Counts 1, 2, 3, 4, 6, 7, and 10 to run concurrently with each other. Judgement was entered on March 20, 2025. (ECF No. 242). In the Judgment, the Court further ordered Defendant to surrender for service of sentence at the institution designated by the Bureau of Prisons

---

1 Defendant's wife, co-defendant, Carolyn Wade, was also found guilty of these offenses.

before 2:00 p.m. on April 14, 2025.

Defendant filed a Notice of Appeal on April 4, 2025. (ECF No. 245). On April 9, Defendant filed his first motion seeking to stay his 90-day term of imprisonment until the conclusion of his appeal. (ECF No. 247). During a hearing on April 14, 2025, the Court denied Defendant's motion without prejudice to refile because he failed to specify what appellate grounds would be raised and therefore that the appeal "is not for the purpose of delay and raises a substantial question of law or fact likely to result in" reversal, a new trial, or a reduced sentence. 18 U.S.C. § 3143. Defendant was directed to file a renewed motion, specifying the basis of his appeal, once appellate counsel received and reviewed the trial transcripts. (See ECF No. 252). During the hearing, the Court also granted Defendant's *ore tenus* motion to extend his surrender date to 2:00 p.m. on or before July 28, 2025.

On July 5, 2025, as a result of a delay in receipt of requested transcripts, Defendant filed a second motion to extend the July 28, 2025 surrender date by 30 days to allow counsel to file a renewed motion to stay that addresses the merits of the specific legal issues to be raised on appeal. (ECF No. 282). On July 24, 2025, the Court granted Defendant's motion to extend his surrender date, directing Defendant to report to the designated institution on or before August 27, 2025. (ECF No. 286).

On August 1, 2025, having received all requested transcripts, Defendant filed the instant Renewed Motion to Stay Jail Sentence. (ECF No. 288). In response, the government opposes the motion asserting that Defendant's renewed motion fails to establish that his appeal will raise a substantial question of law or fact likely to result in reversal or an order for a new trial. (ECF No. 289). Accordingly, the government contends, the Bail Reform Act requires Defendant to serve his term of imprisonment during the pendency of his appeal; and the Court should deny the Renewed Motion to Stay, and Defendant should surrender as ordered. *Id.*

## II.    LEGAL STANDARD

As it pertains to the Renewed Motion, Section 3143(b)(1)(B) of Title 18 (the Bail Reform Act of 1984) provides, in relevant part:

"[A] judicial officer shall order that a person who has been found

2

guilty of an offense and sentenced to a term of imprisonment, and
who has filed an appeal or a petition for a writ of certiorari, be
detained, unless the judicial officer finds-

(A) by clear and convincing evidence that the person is not likely to flee
    or pose a danger to the safety of any other person or the community
    if released under section 3142(b) or (c) of this title; and

(B) that the appeal is not for the purpose of delay and raises a substantial
    question of law or fact likely to result in—

> (i) reversal,
>
> (ii) an order for a new trial,
>
> (iii) a sentence that does not include a term of imprisonment,

or

> (iv) a reduced sentence to a term of imprisonment less than
> the total of the time already served plus the expected
> duration of the appeal process.

If the judicial officer makes such findings, such judicial officer shall
order the release of the person in accordance with section 3142(b)
or (c) of this title, except that in the circumstance described in
subparagraph (B)(iv) of this paragraph, the judicial officer shall
order the detention terminated at the expiration of the likely reduced
sentence.

18 U.S.C. § 3143(b).

Therefore, Defendant bears the burden to demonstrate: (1) by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released; (2) that the appeal is not for purpose of delay; (3) that the appeal raises a substantial question of law or fact; and (4) that if that substantial question is determined favorably to Defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed or a reduced sentence less than the total time already served in addition to the expected duration of the appeal process. See *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985) (per curiam). "[A] 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous." *Id.* It is a question that is fairly debatable or one that very well could be decided the other way. *Id.* The burden is on Defendant to establish that the question is fairly debatable. *Id.*

3

### III.   DISCUSSION

#### A.  Risk of Flight

In arguing that he is not a threat or a flight risk, Defendant relies on his prior employment in law enforcement, his familial and community ties as a husband, father, owner and operator of a local small business, and his lack of prior criminal history. (ECF No. 288). Additionally, Defendant highlights his compliance with the terms of his pre-trial and post-trial release. *Id.* In its response, the government does not assert that Defendant poses a flight risk. (ECF No. 289).

After considering Defendant's prior compliance with terms of release, his familial ties, the nature of the offense, and the length of his sentence, the Court finds clear and convincing evidence that Defendant is not likely to flee or pose a danger to the community if released. Moreover, the Court finds that Defendant's pending appeal was not made for the purpose of delay.

#### B.  No Substantial Questions of Law or Fact on Appeal

Notwithstanding that Defendant does not pose a risk of flight nor is a danger to members of the community, the Court finds that Defendant's motion should be denied because, although not for the purpose of delay, Defendant fails to raise substantial questions of law or fact that is likely to result in reversal of his conviction, a new trial, or a reduced sentence. § 3143(b)(1)(B)(i and ii); see also *Giancola*, 754 F.2d at 901.

#### 1.   The Court's admission evidence of uncharged loans.

In his instant motion, Defendant asserts that while the indictment charged him with fraudulently obtaining a Paycheck Protection Program (PPP) loan for $20, 833 as a sole proprietor, the Court erred in admitting evidence of uncharged PPP business loan applications, including one for approximately $700,000, and allowing the government to infer guilt based on same. (ECF No. 288). Specifically, Defendant contends that he will argue on appeal that the Court erred by allowing the government to introduce evidence of the substance of these uncharged loan applications. *Id.* Defendant continues asserting that the admission of this evidence was contradictory to the Court's earlier ruling that the uncharged loan applications were

4

inadmissible as 404(b) evidence. *Id.* Further, Defendant argues that the erroneous admission of the uncharged loan evidence is a valid, non-frivolous legal issue on appeal, likely to succeed because the inadmissible evidence was so prejudicial given its substance and the government explicitly relied on it as evidence of guilt in closing. *Id.*

On the record in this cause, the Court does not find that Defendant raises a substantial question of law or fact that is likely to result in reversal or an order for a new trial based on its admission of the uncharged PPP loan applications.

During the government's case, through the cross-examination of government cooperating witness, Ms. Haydee Rivero a/k/a Haydee Granados (Ms. Rivero), the defense introduced, as defense exhibit 8, an email dated March 22, 2021, sent from Defendant to Ms. Rivero with attachments that included a voided check from Wade Funeral Home. (Tr. Vo. 3, 155-157, ECF No. 264). Ms. Rivero testified that the email with the loan application and attachments were for a business loan that she did not process. *Id.* During its re-direct of Ms. Rivero, the government inquired about further about defense exhibit 8. The defense objected that the voided check related to an uncharged loan that was the subject of the government's 404(b) motion. (Tr. Vo. 4, 41-42, ECF No. 265). Although defense exhibit 8 was admitted into evidence, the Court limited the government's questioning of Ms. Rivero regarding her knowledge of the subject loan application. The extent of the government's questioning was the subject of a proffer of Ms. Rivero.

During the proffer of Ms. Rivero outside the presence of the jury, the government introduced government Exhibit 2002 which was an email, dated May 6, 2021, with the subject line "wade funeral home," along with an attachment thereto consisting of a printout from "smartbiz" referencing application number "6781674" for an "estimated loan amount" of "$701,873." (Trial Tr. vol. 4, 49-56, ECF No. 265; GX 2002). The Court admitted in evidence the May 6, 2021, email with the attachment as government exhibit 2002, over objection, finding that the defense "opened the door" for the admissibility of the exhibit. (Trial Tr. vol. 4, 57, ECF No. 265; GX 2002).

5

In the defense case in chief, Defendant testified on direct and cross-examination that both his and Carolyn Wade's PPP loan and loan forgiveness applications contained materially false information. For example, he admitted that there were no businesses named "Tracy Wade" and "Carolyn Wade," and that the gross income amounts represented in their PPP loan applications were false. (Trial Tr. vol. 7, 126, ECF No. 268, Trial Tr. vol. 8, 5, ECF No. 269). However, Defendant denied that, at any point during the PPP loan application or forgiveness process, he knew there was any false information in the PPP loan applications, the PPP loan forgiveness, or the supporting documents. Indeed, Defendant testified that he "had no idea any fraudulent activity had taken place" before the prosecution was initiated. (Trial Tr. vol. 7, 118, ECF No. 268).

On cross-examination, the government sought to impeach Defendant's testimony that he had "no idea" that his and Carolyn Wade's PPP loans were based on false information by demonstrating that he was not credible. The government did this through several lines of inquiry, but the line of inquiry to which Defendant objected—and raises in the Renewed Motion to Stay as grounds for remaining on bail pending appeal—concerned other uncharged SBA pandemic-relief loan applications associated with Defendant and Wade Funeral Home that contained materially false information.

First, the government asked Defendant if he applied for a separate PPP loan for Wade Funeral Home (i.e., not the $20,833 loan for the fictious business "Tracy Wade"). (Trial Tr. vol. 8, 33, ECF No. 269). At sidebar, the defense objected on the ground that this inquiry related to previously excluded 404(b) evidence (Trial Tr. vol. 8, 34-35, ECF No. 269), and that it was not relevant (Trial Tr. vol. 8, 36, ECF No. 269). The Court overruled the objection, finding that the government was not offering the testimony as 404(b) evidence since Defendant was now testifying (Trial Tr. vol. 8, 36-37, ECF No. 269), and that the inquiry was relevant because the government was "asking [Defendant] about his knowledge of other PPP loans since the subject of the examination is PPP loans." (Trial Tr. vol. 8, 37, ECF No. 269). At sidebar, the government also confirmed for the Court that its inquiry related to the same PPP loan application referenced in government

exhibit 2002 in evidence. (Trial Tr. vol. 8, 29, ECF No. 269; GX 2002). The government proceeded to ask Defendant if he was aware of a PPP loan application for Wade Funeral Home submitted on May 6, 2021, seeking a PPP loan in the amount of $701,878. Defendant said he was not aware of that. The government then showed Defendant documents from a PPP loan application for Wade Funeral Home (marked only for identification as government exhibits 168, 169, and 170 and not offered into evidence), which was dated May 6, 2021, and sought a PPP loan of $701,878 based on representations in the application that Wade Funeral Home had $3,368,990 in payroll and 45 employees. Defendant testified that he had not seen the documents before, and that Wade Funeral Home never had $3 million in payroll and 45 employees.

Second, the government asked Defendant about two applications that Defendant had submitted to the SBA for Economic Injury Disaster Loans (EIDLs) for Wade Funeral Home during the COVID-19 pandemic. One EIDL application represented that Wade Funeral Home had $465 million in revenue and $175 million in expenses for the 12-month period ending January 31, 2020; the other EIDL application represented that Wade Funeral Home had $350 million in revenue and $250 million in expenses for the same period. The defense objected again, arguing that this inquiry also related to previously excluded 404(b) evidence, was not relevant, and was confusing under Rule 403. The Court overruled the objection, finding that the government was not offering the testimony as 404(b) evidence (because Defendant was testifying on cross-examination), that it was relevant (because, among other things, Defendant had completed the application himself and had received the EIDL—all facts that the defense did not contest), and that it was not confusing. (Trial Tr. vol. 8, 45-51, ECF No. 269). The government proceeded to show Defendant (but not offer into evidence) the EIDL applications (marked for identification as GXs 900 and 906). Defendant testified that he had applied for the EIDLs but insisted that the two sets of inflated revenue and expenses for Wade Funeral Home were "clearly" typographical errors. (Trial Tr. vol. 8, 54, ECF No. 269). In its closing argument, the government argued that Defendant making two sets of different typos in two different EIDL applications was not credible.

As the Eleventh Circuit has recognized, this Court "possesses broad discretion to admit evidence if it has any tendency to prove or disprove a fact in issue" and "the court's discretion to exclude evidence under Rule 403 is narrowly circumscribed." *United States v. Norton*, 867 F.2d 1354, 1361 (11th Cir.1989) (citations omitted) (quoting *United States v. Betancourt*, 734 F.2d 750, 757 (11th Cir.1984)). As such, exclusion of evidence under Rule 403 is an "extraordinary remedy[,] which should be used only sparingly since it permits the trial court to exclude concededly probative evidence.' The balance under the Rule, therefore, should be struck in favor of admissibility." *Id.*

In reviewing such evidentiary rulings, the Eleventh Circuit "look[s] at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact." *United States v. Elkins*, 885 F.2d 775, 784 (11th Cir.1989).

Here, Ms. Rivero limited testimony on redirect regarding the uncharged Wade Funeral Home loan application in the estimated loan amount of $701,873 was probative of issues raised by the defense during her cross-examination. (Tr. vol. 4, 62-65, ECF No. 265, GX 2002).

Moreover, Defendant's knowledge, intent, and credibility were central issues in this case, and Defendant had testified on direct examination (and cross-examination) that he had "no idea" that there was any false information in any of the PPP applications that were in evidence. The government's inquiry of Defendant on cross-examination regarding the PPP application for Wade Funeral Home and the two EIDL applications for Wade Funeral Home—all of which contained materially false information—was relevant evidence admissible to impeach Defendant's credibility. Furthermore, the line of inquiry was permissible under Rule 608(b)(1), which allows specific instances of a witness's conduct to be inquired into on cross-examination if they are probative of the character for untruthfulness of the witness. Both the Wade Funeral Home PPP application and the two EIDL applications for Wade Funeral Home were probative of untruthfulness since they each contained materially false income information for Wade Funeral Home, the small business Defendant owned and operated.

8

Finally, the Court finds that given the totality of the evidence, exclusion of the other uncharged SBA pandemic-relief loans associated with Defendant and Wade Funeral Home would not have impacted the jury's verdict. For the foregoing reasons, Defendant does not raise a substantial question likely to result in reversal or an order for a new trial.

**2.     The Court's omission of good-faith jury instruction.**

Additionally, Defendant asserts that the Court erred in failing to give a standard good faith jury instruction as requested.

During the charging conference on October 21, 2025, the Court stated that it had not heard any testimony establishing a good-faith defense and asked the parties if that defense was anticipated. (Trial Tr. vol. 7, 196, ECF No. 268). The defense stated its "position" was that the good-faith instruction applied "based upon the trust that Mr. and Mrs. Wade had with the Riveros." (Trial Tr. vol. 7, 197, ECF No. 268). The Court did not accept that as a basis for the good-faith instruction, because it was not a sufficient basis under Eleventh Circuit caselaw, but the Court stated that it would allow the defense to raise the issue again after completion of all the testimony. The Court also encouraged the defense to read the Eleventh Circuit pattern jury instructions and what was required for the instruction. Trial Tr. vol. 7, 197, ECF No. 268).

The next day, during the continued charging conference and after the close of all evidence, the Court asked the defense if it had any cases or argument to support its position that the good-faith instruction should be provided. The Court told the defense that it was "willing to listen if there's anything new." (Trial Tr. vol. 8, 66, ECF No. 269). The defense offered no cases or argument, and did not object when the Court stated it would remove the good-faith defense instruction from the jury instructions (Trial Tr. vol. 8, 66-67, ECF No. 269). Before the jury instructions were read by the Court, the good-faith instruction was removed from the latest draft. The final jury instructions were distributed to the jury. (Trial Tr. vol. 8, 132-133, ECF No. 269).

9

As reflected in the transcript, the Court read the final jury instructions, without the good-faith instruction, to and along with the jury. (Trial Tr. vol. 8, 132-149, ECF No. 269).

The good-faith instruction requires an underlying evidentiary foundation. *See United States v. Williams*, 728 F.2d 1402, 1404–05 (11th Cir. 1984). A district court's refusal to give a requested jury instruction is reviewed for abuse of discretion. *United States v. Lopez*, 590 F.3d 1238, 1248 (11th Cir. 2009). A district court does not abuse its discretion in denying a good-faith instruction where the defense was otherwise substantially covered by the court's instruction on intent. *United States v. Holzendorf*, 576 F. App'x 932, 936 (11th Cir. 2014).

As the Court noted during the charging conference, the record did not support an evidentiary basis for the good-faith instruction. The Court provided ample opportunity for the defense to present evidence, case law and argument to support its position. The defense failed to do so.

Moreover, with respect to the wire fraud counts, the Court found that the good-faith defense was otherwise substantially covered by the Court's jury instruction on intent, which stated that the jury could not convict Defendant without finding that he acted with intent to defraud and that "to act with 'intent to defraud' means to act knowingly and with the specific intent to use false and fraudulent pretenses, representations, or promises to cause loss or injury. Proving intent to deceive alone, without the intent to cause loss or injury, is not sufficient to prove intent to defraud." (Trial Tr. vol. 8, 140-141, ECF No. 269; ECF No. 186 at 11). Furthermore, as a matter of law, the good-faith instruction does not apply to the charges that did not have the element of intent to defraud. *See United States v. Zoriano*, 817 F. App'x 817, 821 (11th Cir. 2020) ("Because intent to defraud is not an element of the crimes charged in [defendant's] indictment, good faith is not a complete defense to those charges. Thus, the district court did not abuse its discretion in declining to give [Defendant's] requested good faith instruction because the instruction was not a correct statement of the law.").

10

As the defense notes in the Renewed Motion to Stay, the copy of the jury instructions docketed on CM/ECF includes the good-faith instruction. As noted above, the Court did not read this instruction to the jury, nor did the jury receive this version of the jury instruction. See ECF No, 186 at 18. The jury instructions entered at ECF No. 186 was an earlier draft uploaded in error by the Clerk's Office. By this Order, the Clerk's Office is directed to strike ECF No.186 and upload the attached correct final version of the jury instructions to the docket.

Accordingly, Defendant's motion is denied on this basis because the Court's decision not to provide a good-faith jury instruction is not likely to result in reversal or an order for a new trial.

### IV.    CONCLUSION

While Defendant certainly has good faith reasons to pursue his appeal, he has not demonstrated that the issues raised in his motion present "'close question[s]' or [questions] that very well could be decided the other way." *Giancola*, 754 F.2d at 901.Upon careful consideration, the Court concludes that Defendant fails to establish that his appeal raises "substantial" questions of law or fact that are "likely" to result in one of the enumerated remedies under 18 U.S.C. § 3143. As such, Defendant's motion to stay is denied. Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant Tracy Wade's Motion (ECF No. 247) and Renewed Motion to Stay Jail Sentence Pending Appeal (ECF No. 288) are **DENIED**. Defendant Tracy Wade is directed to surrender on or before 2pm on **August 27, 2025.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 25th day of August 2025.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: All counsel of record
Attachment: Final Jury Instructions

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-60173-CR-WILLIAMS (GRAHAM)

UNITED STATES OF AMERICA,

v.

CAROLYN DENISE WADE and
TRACY D. WADE,

       Defendants.

_____/

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It is my duty to instruct you on the rules of law that you must use in deciding this case.

After I have completed these instructions, you will go to the jury room and begin your discussions

– what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find

the Defendant guilty beyond a reasonable doubt.

## The Duty to Follow Instructions and the Presumption of Innocence

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his or her innocence or produce any evidence at all. A defendant does not have to testify, and you cannot consider in any way the fact that the Defendant did not testify. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

2

## Definition of "Reasonable Doubt"

The Government's burden of proof is heavy, but it does not have to prove a defendant's guilt beyond all possible doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you have carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

3

## Consideration of Direct and Circumstantial Evidence;
## <u>Argument of Counsel; Comments by the Court</u>

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I have said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You should not be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There is no legal difference in the weight you may give to either direct or circumstantial evidence.

**<u>Credibility of Witnesses</u>**

When I say you must consider all the evidence, I do not mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point does not necessarily matter.

To decide whether you believe any witness, I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

### Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or did not say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake does not mean a witness was not telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## **Persons Not on Trial**

In addition, some of the people who may have been involved in these events are not on trial. This does not matter.  There is no requirement that all participants of a scheme to defraud be charged and prosecuted in one proceeding.

You may not draw any inference, favorable or unfavorable, towards the Government or the Defendant on trial from the fact that any person in addition to the Defendant is not on trial here.  You may also not speculate as to the reasons why other persons are not on trial.

## **Note-taking**

You have been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

### Introduction to Offense Instruction

The superseding indictment charges 10 separate crimes, called "counts," against the Defendants. Each count has a number. You'll be given a copy of the superseding indictment to refer to during your deliberations.

Count 1 charges that the Defendants knowingly and willfully conspired to commit wire fraud, in violation in Title 18, United States Code, Section 1349. Defendants are not charged in Count 1 with committing a substantive offense – they are charged with <u>conspiring</u> to commit that offense. I will also give you specific instructions on that conspiracy offense.

Counts 2-3 charge that the Defendants committed what are called "substantive offenses," specifically, that Defendants committed wire fraud, in violation of Title 18, United States Code, Section 1343. Count 2 charges only Defendant Tracy Wade with this offense. Count 3 charges both Defendants with this offense. I will explain the law governing this offense in a moment.

Count 4 charges that the Defendants knowingly and willfully conspired to make false statements to the Small Business Administration, in violation of Title 18, United States Code, Section 371. Defendants are not charged in Count 4 with committing a substantive offense – they are charged with <u>conspiring</u> to commit that offense. I will also give you specific instructions on this conspiracy offense.

Counts 5-10 charge that the Defendants made false statements to the Small Business Administration, in violation of Title 15, United States Code, Section 645(a). Defendant Carolyn Wade is charged with this offense in Counts 5, 8, and 9. Defendant Tracy Wade is charged with this offense in Counts 6, 7, and 10. I will also explain the law governing this offense.

9

## COUNT 1
## Conspiracy to Commit Wire Fraud
## 18 U.S.C. § 1349

It's a Federal crime to knowingly and willfully conspire or agree with someone to do something that, if actually carried out, would result in the crime of wire fraud.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty of this conspiracy offense only if all the following facts are proved beyond a reasonable doubt:

    (1) two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit wire fraud, as charged in the superseding indictment; and

    (2) the Defendant knew the unlawful purpose of the plan and willfully joined in it.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan – and willfully joined in the plan on at least one occasion – that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. Also, a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

10

**COUNTS 2-3**
**Wire Fraud**
**18 U.S.C. § 1343**

It's a federal crime to use interstate wire, radio, or television communications to carry out a

scheme to defraud someone else.

The Defendant can be found guilty of this crime only if all the following facts are proved

beyond a reasonable doubt:

(1)   the Defendant knowingly devised or participated in a scheme to defraud
       someone by using false or fraudulent pretenses, representations, or promises;
(2)   the false pretenses, representations, or promises were about a material fact;
(3)   the Defendant acted with the intent to defraud; and
(4)   the Defendant transmitted or caused to be transmitted by wire some
       communication in interstate commerce to help carry out the scheme to
       defraud.

A "scheme to defraud" means any plan or course of action intended to deceive or cheat

someone out of money or property by using false or fraudulent pretenses, representations, or

promises.

A statement or representation is "false" or "fraudulent" if it is about a material fact that the

speaker knows is untrue or makes with reckless indifference to the truth, and makes with the intent

to defraud.  A statement or representation may be "false" or "fraudulent" when it is a half-truth, or

effectively conceals a material fact, and is made with the intent to defraud.

A "material fact" is an important fact that a reasonable person would use to decide whether

to do or not do something.  A fact is "material" if it has the capacity or natural tendency to influence

a person's decision.  It doesn't matter whether the decision-maker actually relied on the statement or

knew or should have known that the statement was false.

To act with "intent to defraud" means to act knowingly and with the specific intent to use

false or fraudulent pretenses, representations, or promises to cause loss or injury.  Proving intent to

deceive alone, without the intent to cause loss or injury, is not sufficient to prove intent to defraud.

The Government does not have to prove all the details alleged in the indictment about the

11

precise nature and purpose of the scheme. It also doesn't have to prove that the material transmitted by interstate wire was itself false or fraudulent; or that using the wire was intended as the specific or exclusive means of carrying out the alleged fraud; or that the Defendant personally made the transmission over the wire. And it doesn't have to prove that the alleged scheme actually succeeded in defrauding anyone.

To "use" interstate wire communications is to act so that something would normally be sent through wire, radio, or television communications in the normal course of business.

## COUNT 4
### General Conspiracy Charge
### 18 U.S.C. § 371

It's a separate Federal crime for anyone to conspire or agree with someone else to do something that would be another Federal crime if it was actually carried out.

A "conspiracy" is an agreement by two or more people to commit an unlawful act. In other words, it is a kind of "partnership" for criminal purposes. Every member of a conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement.

The Government does not have to prove that the members planned together all the details of the plan or the "overt acts" that the indictment charges would be carried out in an effort to commit the intended crime.

The heart of a conspiracy is the making of the unlawful plan itself followed by the commission of any overt act. The Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) two or more persons in some way agreed to try to accomplish a shared and unlawful plan;
(2) the Defendant knew the unlawful purpose of the plan and willfully joined in it;
(3) during the conspiracy, one of the conspirators knowingly engaged in at least one overt act as described in the indictment; and
(4) the overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.
An "overt act" is any transaction or event, even one that may be entirely innocent when viewed alone, that a conspirator commits to accomplish some object of the conspiracy

A person may be a conspirator without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

13

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan and willfully joined in the plan on at least one occasion, that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. A person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

**COUNT 5-10**
**False Statements to the SBA**
**15 U.S.C. § 645(a)**

It is a Federal crime to knowingly make any false statement for the purpose of obtaining a

loan from the U.S. Small Business Administration ("SBA") or for the purpose of influencing the

action of the SBA in any way.  The Defendant can be found guilty of this crime only if all of the

following facts are proved beyond a reasonable doubt:

    (1)    the Defendant knowingly made any false statement; and

    (2)    the false statement was for the purpose of obtaining for him or herself or for
any applicant any loan or for the purpose of influencing in any way the action
of the SBA.

15

**Aiding and Abetting; Agency**
**18 U.S.C. § 2**

It's possible to prove the Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime – not just proof that the Defendant was simply present at the scene of a crime or knew about it.

In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

16

## Testimony of Accomplice or Alleged Co-Conspirator with Plea Agreement

You must consider some witnesses' testimony with more caution than others.

In this case, the Government has made a plea agreement with Haydee Rivero, f/k/a Haydee Granados, an alleged Co-Conspirator, in exchange for her testimony. Such "plea bargaining," as it's called, provides for the possibility of a lesser sentence than Haydee Rivero, f/k/a Haydee Granados, an alleged Co-Conspirator, would normally face. Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

But a witness who hopes to gain more favorable treatment may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

And the fact that a witness has pleaded guilty to an offense isn't evidence of the guilt of any other person.

17

### **Summaries and Summary Testimony**

There has been summary testimony from witnesses at this trial and the Court permitted this testimony in order to aid you in considering the evidence. Therefore, you are to give no greater consideration to summary testimony than you would give to the evidence upon which that testimony is based.

It is for you to decide whether the summary testimony or chart offered by a witness correctly presented the information contained in the documents on which they were based, and what weight to give such evidence

### **Knowingly; Willfully – General**

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his or her conduct may be violating.

19

## On or About a Particular Date

You will see that the Indictment charges that a crime was committed "on or about" a certain date. The Government does not have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

## **Caution: Punishment**

Each count of the indictment charges a separate crime against one or more of the Defendants. You must consider each crime and the evidence relating to it separately. And you must consider the case of each Defendant separately and individually. If you find a Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime or any other Defendant.

I caution you that each Defendant is on trial only for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether each Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether a Defendant is guilty or not guilty. If you find a Defendant guilty, the punishment is for the Judge alone to decide in accordance with the Sentencing Guidelines.

## Duty to Deliberate

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you will never have to explain your verdict to anyone. Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

### Verdict

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you have all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you will return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I will respond as promptly as possible, after consulting with the attorneys – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

23